MONMOUTH COUNTY CIRCUIT COURT.

MARY A. O'BRIEN, ADMINISTRATRIX OF THE ESTATE OF JAMES O'BRIEN, DECEASED, PLAINTIFF, v. WILLIAM P. BUXTON, DEFENDANT.

For the plaintiff, *John G. Flanigan.*

For the defendant, *Leo J. Warwick.*

LAWRENCE, C. C. J. This suit was submitted to the court, without a jury, by consent, for determination on a stipulation of facts.

It is in replevin, the effort being to recover possession of an ice boat named "Jack Frost," which was admittedly owned by James O'Brien in his lifetime. He died in December, 1922. At the time, the boat was in the custody of defendant, Buxton, a boat builder, who was its sailing master, and who maintained in his establishment a place for the storage of such boats when not in use.

The proofs tend to indicate that in 1921 and again in 1922, defendant had been engaged to condition the ice boat and act as its sailing master. On January 20th, 1923, he rendered a bill to the O'Brien estate for services as such sailing master, covering the seasons of 1921 and 1922, for $350 for each year, and for storage to the date stated for

$50. Plaintiff tendered the storage bill, but refused to pay for the service as sailing master and demanded possession of the boat. The tender and demand were refused by defendant. Claiming a common law lien, he advertised and caused it to be sold on January 29th, 1924, under the provisions of the act authorizing persons having liens for work, labor and materials, employed in the repair and construction of any article to enforce such lien. *Comp. Stat.* 1910, *p.* 3140; *Pamph. L.* 1889, *p.* 424. It produced at such sale $400, defendant becoming the purchaser, and when the writ was issued in the present suit, he still had it and filed the required bond in rereplevying it. Plaintiff claims that the items included in defendant's bill were not of a nature to give him a common law lien, and, since she made a tender of the storage bill, which was refused, she is entitled to recover the boat in this action.

The primary question, therefore, is whether the boat was subject to a common law lien merely for defendant's services as sailing master or for storage. It may be said that he was given permission to amend the stipulation of facts by submitting to the court an itemized statement of his account, showing, if he could, any service involving labor performed or materials provided in conditioning or repairing the ice boat, but apparently had no such account susceptible of proof. Such proof, consequently, as disclosed by the stipulation of facts, remained confined to the statement of services as sailing master and for storage. That these services do not come within the definition of a common law lien, or indeed within the provision of the statute resorted to to enforce it seems apparent. They were not for work, labor or materials employed in repairing, conditioning or constructing the boat.

At common law the debt must have been incurred for some service or work rendered by claimant on the property against which the lien is asserted. 37 *C. J.* 327, § 37. It is entirely distinct from the debt or obligation which it secures; it is but an incident of the debt or obligation and a remedy therefor. The debt or obligation itself may be enforced with or

without the aid of the lien; further proceedings on the lien may be barred, but not on the debt or obligation, and the payment of the debt extinguishes the lien. *Ibid.* 311, § 10. The term "lien" is sometimes used in a broad sense as being equivalent to "claim or demand," but in a technical sense a lien is in the nature of security and is distinct from a "claim or demand," as a person may have a claim and yet not be entitled to a lien to secure the payment thereof (page 310, section 8).

A workman who by his skill and labor has enhanced the value of a chattel, under an employment to render the service by the consent, express or implied, of the owner, has a lien on the chattel for his reasonable charge. *White* v. *Smith,* 44 *N. J. L.* 105; *Sullivan* v. *Clifton,* 55 *Id.* 324.

In *Lanterman* v. *Luby,* 96 *N. J. L.* 255, 257, a lien is defined as neither a right of property in a thing nor a right of action for a thing, but simply a right of detainer. It differs from a mortgage, in that a mortgage is a transfer of title as security; whereas, a lien confers no title; it differs from a pledge, in that a pledge is a transfer of possession as security; whereas, in the case of lien the transfer of possession is not for the purpose of security, but in order that the service may be rendered to the chattel in question, and the lien arises from the rendering of that service, if such service be not paid for. It is essentially a right to detain. It is the natural outcome of the transaction wherein one takes his chattel to another with whom he contracts for the performance by the latter of some service upon it for its betterment. The owner does not pay for the service before it is performed, because he has the right to see that it is right before he pays for it; on the other hand, the one who performs the service, having performed it well, has the right to be paid for it before the owner may take away his property so benefited by the service. See, also, 17 *R. C. L.* 601, § 8. At common law bailees, other than innkeepers, common carriers and warehousemen, were not recognized as having a lien on the property for mere storage, or for other services that

did not enhance the value of the property (6 *C. J.* 1132, § 79), while in the absence of statute or special contract securing a lien, a servant or employe has no lien upon the property of his master or employer for his wages or compensation. 17 *R. C. L.* 602, § 10. Even though it had appeared that defendant had been engaged in the business of storing ice boats and would be entitled to a lien for such storage while it remained unpaid (*Ibid.* 603, § 11), it did not arise in the present case, because it is stipulated that plaintiff tendered the storage charge, included as an item in the bill rendered, and that it was refused by defendant.

In the circumstances, the proofs fail to show that defendant had a common law lien on the ice boat in question, and the result is that plaintiff must be held entitled to it. Judgment for possession may accordingly be entered. No costs will be allowed, however.